554 A.2d 968

**Shirley BOONE, in her own right and as parent and natural guardian of Tira Boone, a minor, Appellant,**

**v.**

**STONEWALL INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1988.

Filed March 6, 1989.

Daniel J. Siegel, Philadelphia, for appellant.

Michael F. DeMarco, Philadelphia, for appellee.

Before CIRILLO, President Judge, and WIEAND and McEWEN, JJ.

WIEAND, Judge:

The issue in this appeal is whether an insurance company which has issued a policy of automobile insurance in accordance with the laws of the state in which the vehicle is registered must pay medical benefits to passengers of the vehicle who have been injured as a result of an accident in Pennsylvania even though the policy does not provide medical benefits. The trial court held that the insurance company was not liable for benefits for which coverage had not been provided and, therefore, sustained preliminary objections in the nature of a demurrer to a complaint making a claim for first party benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 et seq. We affirm.

Shirley Boone and her daughter, Tira, are residents of Pennsylvania. They were injured in an automobile accident which occurred in Pennsylvania while they were riding as

passengers in a vehicle owned and operated by Todd Boone. The vehicle was registered in Virginia and insured, pursuant to the laws of Virginia, by Stonewall Insurance Company. The laws of Virginia did not require that a policy of insurance issued for a vehicle registered in that state provide coverage for first party medical benefits, and the policy issued by Stonewall Insurance Company did not contain such coverage. Neither Shirley Boone nor her daughter was covered by any other policy of insurance. A claim was made against Stonewall Insurance Company for Shirley Boone's medical expenses in the amount of $3,328.00 and for Tira Boone's medical expenses in the amount of $2,315.00. The claim was denied,[1] and this action was commenced to recover the same from the insurer. From the order sustaining preliminary objections in the nature of a demurrer and dismissing the complaint, the plaintiffs appealed.

The Pennsylvania Motor Vehicle Financial Responsibility Law, at 75 Pa.C.S. § 1711, requires security for benefits as follows:

> An insurer issuing or delivering liability insurance policies *covering any motor vehicle of the type required to be registered under this title,* except recreational vehicles not intended for highway use, motorcycles, motor-driven cycles or motorized pedalcycles or like type vehicles, *registered and operated in this Commonwealth,* shall include coverage providing a medical benefit in the amount of $10,000, an income loss benefit up to a monthly maximum of $1,000 up to a maximum benefit of $5,000 and a funeral benefit in the amount of $1,500, as defined in section 1712 (relating to availability of benefits), with respect to injury arising out of the maintenance or use of a motor vehicle. The income loss benefit provided under this section may be expressly waived by the named insured provided the named insured has no expectation of actual income loss due to age, disability or lack of employment history. (emphasis added)

---

**1.** The claimants were paid policy limits under the liability coverage provided by the policy.

The requirement of coverage for medical benefits, according to the terms of the statute, is applicable only to motor vehicles "registered and operated in this Commonwealth." See: *Pugh v. Government Employees Insurance Company*, 380 Pa.Super. 606, 552 A.2d 708 (1989).

The Pennsylvania statute, at 75 Pa.C.S. § 1782(b), provides as to vehicles not registered in Pennsylvania as follows:

(b) **Nonresident.**—The nonresident owner of a *motor vehicle not registered in this Commonwealth* may give proof of financial responsibility by filing with the department [of transportation] a written certificate or certificates of an insurance company authorized to transact business in the state in which the motor vehicle or motor vehicles described in the certificate are registered or, if the nonresident does not own a motor vehicle, then evidence satisfactory to the department that the person does not own a motor vehicle. The department shall accept the certificate upon condition that the insurance company complies with the following provisions with respect to the policies so certified:

. . . .

(2) The insurance company shall agree in writing that the policies shall be deemed to conform with the laws of this Commonwealth relating to the terms of motor vehicle liability policies issued in this Commonwealth. (emphasis added)

Appellants contend that these provisions require coverages for vehicles not registered in Pennsylvania which conform with the laws of Pennsylvania. This provision, however, refers only to "liability" coverage.

A non-resident motorist is required to give proof of "financial responsibility." This is defined in 75 Pa.C.S. § 1702 as follows:

The ability to respond in damages for liability on account of accidents arising out of the maintenance or use of a motor vehicle in the amount of $15,000 because of injury

to one person in any one accident, in the amount of $30,000 because of injury to two or more persons in any one accident and in the amount of $5,000 because of damage to property of others in any one accident.

Our review of the statute discloses no provision which requires that a vehicle registered outside the Commonwealth of Pennsylvania carry insurance providing first party medical benefits. Such coverage is required only for vehicles "registered" in Pennsylvania. *Pugh v. Government Employees Insurance Company, supra.* The language of section 1782(b)(2) does not alter the requirement of section 1711. Section 1782(b)(2) requires only that nonresident owners of vehicles registered outside of Pennsylvania give proof of financial responsibility in the form of liability coverage in the minimum amounts required by section 1702 for vehicles registered in Pennsylvania. The policy issued by the appellee-insurer in the instant case complied with this requirement.

The policy did not further provide coverage for first party benefits. Because the policy issued by Stonewall Insurance Company did not provide coverage for such benefits, the trial court correctly determined that plaintiffs could not recover the additional benefits sought in this action.

The order granting appellee's preliminary objections in the nature of a demurrer to the complaint is affirmed.