584 A.2d 327

Gloria JARRETT, Selena Walker, and Mary
Baker, Appellees,

v.

PENNSYLVANIA NATIONAL MUTUAL INSURANCE COM-
PANY and The Travelers Insurance Company, Appellee.

Appeal of PENNSYLVANIA NATIONAL MUTUAL
INSURANCE COMPANY.

Gloria JARRETT, Selena Walker, and Mary
Baker, Appellants,

v.

PENNSYLVANIA NATIONAL MUTUAL CASUALTY
INSURANCE COMPANY and Travelers Insurance
Company, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 6, 1990.

Filed Dec. 28, 1990.

William C. McGovern, Philadelphia, for Pennsylvania Nat., appellant (at 2337) and appellee (at 2516).

J. Scott Watson, Philadelphia, for Jarrett, appellants (at 2516) and appellees (at 2337).

Risa J. Alberts, Philadelphia, for Travelers, appellee, (at 2337 and 2516).

Before OLSZEWSKI, DEL SOLE and HUDOCK, JJ.

HUDOCK, Judge:

These cross-appeals are from the judgment entered on the verdict reached by the trial court after a non-jury trial. The court found Pennsylvania National Mutual Casualty Insurance Company ("PNI") was liable to the Plaintiffs below for their claim for first-party benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S.A. §§ 1701–1798 (amended). The court denied the Plaintiffs' request for attorney's fees. PNI's appeal concerns the court's finding of liability; the Plaintiffs appeal the denial of attorney's fees. We vacate the judgment entered against PNI and dismiss the Plaintiffs' appeal.

Although the facts giving rise to this case are relatively simple and not disputed, the case has a lengthy history. In May, 1985, the Plaintiffs, all residents of Pennsylvania, were injured in a motor vehicle accident. At the time of the

accident, the Plaintiffs were passengers in a vehicle owned and operated by William Jarrett. Jarrett's vehicle was registered and insured in his home state of North Carolina. The Plaintiffs initiated suit to recover for their injuries. PNI settled with the Plaintiffs individually their third-party claims for bodily injury. However, PNI denied all claims for medical expenses and wage loss. In doing so, PNI asserted that such coverage was neither provided by the policy, nor required under North Carolina law with which the policy was written to comply.

In the wake of PNI's denial, the Plaintiffs brought suit against PNI pursuant to the provisions of the MVFRL. The Plaintiffs also named Travelers Insurance Company ("Travelers"), the designated carrier for the Assigned Claims Plan, as defendant. The Plaintiffs asserted, alternatively, that if PNI was not liable for the payment of first-party benefits, Travelers would be liable under the Assigned Claims Plan. A panel of arbitrators in the Court of Common Pleas found against PNI for the full amount of the Plaintiffs' claims. After PNI appealed, all parties sought summary judgment. Ultimately, the court granted summary judgment in favor of the Plaintiffs and against PNI; Travelers' motion was also granted.[1] PNI and the Plaintiffs appealed the corrected order. This Court quashed both appeals after finding them to be interlocutory in nature.[2] *Jarrett v. Pennsylvania National Mutual Ins. Co.*, 385 Pa.Super. 661, 555 A.2d 253 (1988). Thereafter, the case proceeded to a non-jury trial on March 21, 1989 before the Honorable Alfred J. DiBona. The court's verdict was announced on May 3, 1989.[3] PNI filed its post-trial

1. Initially, the court granted only Travelers' motion. This prompted both PNI and the Plaintiffs to file appeals to this Court. The Plaintiffs also sought reconsideration by the trial court to clarify an apparent inconsistency between the court's order and the accompanying opinion. Reconsideration was granted and the court issued a new, corrected order resulting in this ultimate disposition.

2. The panel also found that the trial court's granting reconsideration rendered its first order a nullity.

3. The court issued an order wherein it declared that "judgment" was entered in favor of the Plaintiffs as against PNI and specified damages

motion seeking judgment n.o.v. or, in the alternative, a new trial, on May 12, 1989. The Plaintiffs did not file a post-trial motion. PNI's motion was denied on August 8, 1989, and these appeals follow.

APPEAL OF PNI NO. 02337 Philadelphia 1989

PNI argues that the MVFRL does not require vehicles not registered in Pennsylvania, such as Jarrett's, to conform to its scheme of first-party benefits. The MVFRL required insurers to provide certain minimum levels of coverage, including $10,000 in medical benefits. 75 Pa.C. S.A. § 1711. However, "[t]he requirement of coverage for medical benefits, according to the terms of the statute, is applicable only to motor vehicles 'registered and operated in this Commonwealth.' " *Boone v. Stonewall Ins. Co.*, 382 Pa.Super. 104, 107, 554 A.2d 968, 969 (1989), *citing Pugh v. Government Employees Ins. Co.*, 380 Pa.Super. 606, 552 A.2d 708 (1989). Additionally, the panel in *Boone* noted that "review of the statute discloses no provision which requires that a vehicle registered outside the Commonwealth of Pennsylvania carry insurance providing first party[sic] medical benefits[;] [s]uch coverage is required *only for vehicles 'registered' in Pennsylvania.*" *Boone*, 382 Pa.Superior Ct. at 108, 554 A.2d at 970. (Emphasis supplied.) There is no dispute that Jarrett's vehicle was registered outside the Commonwealth. Thus, PNI was not *required* to provide first-party benefits under the express terms of the MVFRL.

This does not, however, end our inquiry because PNI may have contracted to provide more than that which was required of it. We have carefully examined the insurance contract in question. Critical to our review is the following "all states" endorsement:

at $21,555.50 in medical expenses and $9,484.20 in interest. As previously discussed, the court denied the Plaintiffs' request for attorney's fees. The better course to follow would have been for the court to identify its "order" as its verdict and without a declaration that "judgment" was entered. See, *Falcione v. Cornell School District,* 383 Pa.Super. 623, 628, n. 3, 557 A.2d 425, 427, n. 3 (1989). It is apparent that both parties, as well as the trial court itself, considered the court's "judgment" to be its "verdict". We will do likewise.

OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which your covered auto is principally garaged, we will interpret your policy for that accident as follows:

If the state or province has . . .

2.  A compulsory insurance or similar law *requiring a non-resident to maintain insurance* whenever the non-resident uses a vehicle in that state or province your policy will provide at least the required minimum amounts and types of coverage.

(Emphasis supplied.)

PNI first maintains the clause was not triggered because the MVFRL is not a "compulsory insurance" law. While we agree with this statement, PNI overlooks the fact that the effectiveness of the clause was nevertheless triggered because the MVFRL is clearly a "similar law requiring a non-resident to maintain insurance". Owners of automobiles registered outside the Commonwealth were required to show proof of financial responsibility. 75 Pa.C.S.A. § 1782(b). This requirement was satisfied with proof of *liability* coverage in the minimum amounts required of the vehicles registered in Pennsylvania. *Boone, supra.* Thus, the clause was operational and PNI is obligated to provide the coverage specified therein.

However, we do not read the clause as providing for any coverage other than that which the MVFRL requires of vehicles registered outside the Commonwealth. The language of the clause is clearly limited to providing only that level of coverage required by the situs state (Pennsylvania) of *non-resident* owners (Jarrett). "Section 1782(b)(2) requires only that non-resident owners of vehicles registered outside of Pennsylvania give proof of financial responsibility in the form of *liability* coverage in the minimum amounts required by section 1702 for vehicles registered in Pennsylvania." *Boone,* 382 Pa.Superior Ct. at 108, 554 A.2d at 970. (Emphasis supplied.)

Our conclusion is supported by the fact that the clause is located in the liability portion of the insurance contract. The location of the clause is a relevant consideration in interpreting its meaning. *See, Sanchez Estate v. Colonial Penn Ins. Co.*, 367 Pa.Super. 198, 532 A.2d 857 (1987). We view the clause in question as being restricted to providing the minimum mandatory *liability* coverage only. The expansive reading which the Plaintiffs urge upon us "would be, in effect, to rewrite the insurance contract by inserting a new provision extending coverage beyond that allowed by the express terms of the policy. This we cannot do." *Id.*, 367 Pa.Superior Ct. at 205–06, 532 A.2d at 861.

We conclude, therefore, that the court erred in finding PNI liable for first-party benefits. The judgment entered is vacated.

APPEAL OF PLAINTIFFS No. 02516 Philadelphia 1989

As previously discussed, the Plaintiffs have appealed the trial court's denial of attorney's fees. In light of our resolution of PNI's appeal regarding its liability to the Plaintiffs, the instant appeal is moot. Additionally, because the Plaintiffs failed to raise the issue presented in their appeal in a post-trial motion, we would find the issue was not properly preserved for review.[4]

Accordingly, the appeal is dismissed.

The judgment is vacated. The appeal at No. 2516 Philadelphia is dismissed as moot.

OLSZEWSKI, J., files a concurring and dissenting opinion.

OLSZEWSKI, Judge, concurring and dissenting:

I concur in so much of the majority's opinion that affirms the portion of the trial court's order denying the Plaintiffs' counsel fees. I also concur in that portion of the majority opinion which holds that the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §§ 1701–1798 (amended)

---

4. The Plaintiffs' brief is in violation of Pa.R.App.P. 2116 and would, therefore, also be subject to being quashed by this Court.

(hereinafter MVFRL), is a "similar law" requiring a non-resident to maintain vehicular insurance. I cannot join in the reversal of the portion of the trial court's order awarding Plaintiffs damages against PNI.

The majority holds that *Boone v. Stonewall Insurance Co.*, 382 Pa.Super. 104, 554 A.2d 968 (1989), controls the outcome of this case. I find *Boone* distinguishable and must dissent.

The policy of insurance in question, while issued under North Carolina law, contained the following clause:

OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which *your covered auto* is principally garaged, we will interpret your policy for that accident as follows:

If the state or province has: ...

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

(Emphasis in original.)

Although Boone makes no mention of an "All States" endorsement, the majority holds that *Boone* stands for the proposition that such an endorsement only obligates PNI to provide minimal liability coverage.[1] This renders the endorsement meaningless. Even without the endorsement, PNI is required to provide the minimal liability coverage by MVFRL. *Boone, supra*, 382 Pa.Superior Ct. at 108, 554 A.2d at 970.

---

1. I note in passing that PNI originally agreed with Plaintiffs that if the MVFRL was a similar law requiring insurance, PNI was liable for the first-party benefits at issue here. PNI based its denial of coverage on its belief that MVFRL was not a similar law as contemplated by the "All States" endorsement. "Both sides agree that first party benefits are payable if the above paragraph 2 is applicable." (Trial court opinion by Judge Lehrer, January 19, 1988, at 2). I find it unnecessary to examine the propriety of PNI's apparent change of position in midstream as I believe the endorsement at issue (the above referred to paragraph 2) mandates that PNI provide the first party benefits.

It is axiomatic that an insurance policy must be construed so as to give effect to all of its provisions. *Newman v. Massachusetts Bonding & Insurance Co.*, 361 Pa. 587, 592–93, 65 A.2d 417, 419 (1949). It is also well established as basic public policy that a policy be construed in favor of coverage. *Techalloy Co. v. Reliance Insurance Co.*, 338 Pa.Super. 1, 5–7, 487 A.2d 820, 823 (1984). I would hold that PNI has, by its North Carolina contract with Jarrett, obligated itself to provide the types of coverage which are mandated by Pennsylvania law for Pennsylvania insurance policies if Jarrett was involved in an accident in Pennsylvania. First-party benefits are such a type of coverage required by MVFRL. 75 Pa.C.S.A. § 1711. I would affirm the trial court decision requiring PNI to do no more than it has undertaken by contract.

I respectfully dissent.