## Johnson v. Pennsylvania Financial Responsibility Assigned Claims Plan

*Andrew B. Shaw,* for plaintiffs.
*Thomas Patrick Kelly,* for defendants.

D'ALESSANDRO, *J.,* August 28, 1991—This is an opinion written in support of this court's verdict and decision entered on June 6, 1991, finding in favor of the defendants, Pennsylvania Financial Responsibility Assigned Claims Plan and Travelers Insurance Company and against the plaintiffs, Sylvia Johnson and Dina Robinson.

This matter arises out of a car accident which occurred on July 4, 1989, at the intersection of Allegheny Avenue and 17th Street in Philadelphia. Plaintiff Sylvia Johnson was operating the motor vehicle in which the other plaintiff, Dina Robinson, was a passenger. The plaintiffs did not own the uninsured vehicle in which they were riding when the accident occurred and the vehicle's expired license plate had previously been registered under the name of a person with a New Jersey residence and address. The motor vehicle itself was owned by another person having a New York address. The motor vehicle which struck the plaintiff's vehicle in this accident was also uninsured. After undergoing medical treatment for injuries sustained in the above mentioned accident, plaintiffs executed and sent an application for basic loss benefits to the Pennsylvania Financial Responsibility Assigned Claims Plan which was subsequently forwarded to Travelers Insurance Company. Plaintiffs claim that the defendants are required to provide both "basic loss benefits" and "uninsured motorist benefits" pursuant to the provisions of the Pennsylvania Financial

Responsibility Law, 75 Pa.C.S. §1751 *et seq.* and the Pennsylvania Uninsured Motorist Act. This court, on a non-jury trial, entered a verdict and decision on June 6, 1991, for the defendants Pennsylvania Financial Responsibility Assigned Claims Plan and Travelers Insurance Company. Plaintiffs appeal that verdict and decision.

This court finds that plaintiffs must be denied the benefits coverage they are seeking under subchapter "E" of MVFRL, 75 Pa.C.S. §1751 *et seq.* In section 1711 of the MVFRL the Pennsylvania Legislature set out the requirement that first-party benefits would only be available to vehicles which are both "registered and operated in this Commonwealth of Pennsylvania." 75 Pa.C.S. section 1711. Also, pursuant to section 1752(a)(5) of the MVFRL, operators or occupants of those vehicles are also ineligible for any benefits under the plan. Therefore, plaintiffs are expressly excluded from eligibility under the plan because the vehicle they were driving was not registered in Pennsylvania and as an operator/occupant of such a vehicle this exclusion is thereby extended to them. Also, on facts almost identical to those in this case, the Superior Court held in *Boone v. Stonewall Insurance Co.,* 382 Pa.Super. 104, 554 A.2d 968 (1989) that section 1711 does not require insured motor vehicles which are not registered in Pennsylvania to provide first party benefits for Pennsylvania accidents. It is a necessary conclusion therefore that operators or occupants of those vehicles are also ineligible for benefits pursuant to section 1752(a)(5) of the MVFRL.

For the foregoing reasons, this court finds that the verdict and decision entered on June 6, 1991, must be upheld.