515 A.2d 555

**In re ESTATE OF Pearl M. CORNELL, Deceased.**

**Appeal of Jessie Roger ERWIN, Executor of the Estate of Pearl M. Cornell, Deceased, Appellant.**

Supreme Court of Pennsylvania.

Argued April 14, 1986.

Decided Sept. 26, 1986.

476

Paul R. Beckert, Jr., Fairless Hills, for appellant.

James A. Downey, Langhorne, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

We are here called upon to review the propriety of the Superior Court's order reversing the order of the Court of Common Pleas of Bucks County, Orphans' Court Division, which found the evidence presented before it insufficient to hold the Appellant liable on counts of conversion and unjust enrichment. Having fully reviewed the record in this matter, we find that the Superior Court abused its discretion in overruling the judgment of the Orphans' Court and therefore reverse.

The facts underlying this appeal are as follows: Upon the death of Appellant's decedent on February 21, 1979, Appellant, the executor of decedent's estate, began marshalling the assets. In so doing, he found a $10,000 certificate of deposit from Appellee First Federal Savings & Loan Association which he presented and redeemed. Subsequent to its redemption, Appellant continued to get monthly checks from Appellee, ostensibly representing interest payments on another certificate of deposit. Following several inquiries to Appellee as to the source of these payments, he personally appeared at Appellee's office and at that time was informed that a second certificate, bearing the decedent's name, was held by Appellee. The Appellee then redeemed this second certificate. The Appellant placed the proceeds into the estate account and subsequently made an at risk distribution of the monies among the heirs pursuant to a family settlement agreement.

Approximately five months later, Appellee contacted Appellant and informed him that there had only been one certificate and that the second one which had been redeemed had been issued to replace the first, which bore the same number as another certificate issued to another person. Subsequently, Appellee filed a Petition for Citation to Show Cause Why Account Should Not Be Filed in the Orphans' Court. Thereafter, Appellee brought an action in trespass and assumpsit against Appellant in the Court of Common Pleas alleging conversion and unjust enrichment. Pursuant to an agreement of counsel, the matter was transferred to the Orphans' Court Division, and an account was filed on behalf of the estate. At the audit, Appellee entered a claim in the amount of $10,528.40 representing the funds allegedly paid by mistake pursuant to the second certificate. The evidence produced at the hearing consisted of the testimony of the Appellant and that of Mr. Louis Persichetti, Appellee's Branch Manager, who testified that prior to the decedent's death he spoke to her on the telephone and informed her that she would be receiving a replacement certificate by mail and that she should destroy the original certificate upon receipt. Additionally, various pieces of documentary evidence were introduced by Appellee to show that the first certificate bore the same account number as one possessed by another unrelated individual and that that was the reason for the issuance of the second certificate.

Having chosen to bring the claim against the decedent's estate in the Orphans' Court, it was the Appellee's burden to establish and prove that claim by evidence which is clear, direct, precise and convincing. *Estate of Allen*, 488 Pa. 415, 412 A.2d 833 (1980). Following a hearing on Appellee's claim, the Orphans' Court concluded that Appellee had not met that burden and therefore found in favor of Appellant. In so concluding, the Orphans' Court placed great weight on the fact that Appellee had failed to produce a copy of a transmittal letter sent to the decedent regarding

the forwarding of the alleged replacement certificate or a request to return the original certificate in the decedent's possession. In addition, the Court pointed out that no bank records were introduced pertaining to the replacement transaction which would indicate that the first certificate was void.[1]

Appellee filed exceptions which were dismissed by the Orphans' Court. On appeal the Superior Court proceeded to re-analyze the evidence presented to the Orphans' Court and concluded:

> Our consideration of this evidence and the inferences to be drawn therefrom persuades us that the trial court erred in concluding that the bank failed to meet its burden. Contrary to appellee's contention this determination was a legal, not a factual one, and subject to our review. *Minteer v. Wolfe*, 300 Pa.Super. 234, 446 A.2d 316 (1982). While it is true that the exhibits which were introduced only obfuscate what happened, it cannot be gainsaid that they are only additional proof of what is clear from Mr. Persichetti's testimony, that the Bank made a costly mistake.

*In re Estate of Pearl M. Cornell, deceased,* 336 Pa.Super. 594, 599, 486 A.2d 424, 426 (1984).

The standard of review of a decision of the Orphans' Court is "to assure that the record is free from legal error and to determine if the chancellor's findings are supported by competent and adequate evidence, and are not predicated upon capricious disbelief of competent and credible evidence." (Citations omitted). *In re Estate of McCrea*, 475 Pa. 383, 386–87, 380 A.2d 773, 775 (1977). We agree that when the issue, as framed here, is whether the evidence presented was clear, direct, precise and convincing, a question of law is presented. *Nicolazzo Estate*, 414 Pa.

---

**1.** It should be noted that the testimony introduced at the hearing reflected that the above actions were contrary to First Federal's established policy.

186, 199 A.2d 455 (1964). The Superior Court erred, however, when it resolved that question based solely upon its belief of the testimony produced by the Branch Manager. In so doing, the Superior Court changed its focus of review from that of applying the clear and convincing standard to one of reevaluating the weight and credibility of a witness. This is evident from the Superior Court's conclusion that the documentary evidence which was not introduced at trial (the same lack of evidence relied on by the Orphans' Court in its determination) amounted only to additional proof of what was clear from the testimony of the Branch Manager. Since by its own conclusion the documentary evidence which *was* introduced only served to confuse and obscure what had occurred, it must be concluded that the Superior Court determined that the case stood or fell on the testimony of Mr. Persichetti. In so concluding, the Court impermissibly reassigned the weight which was to be given to that oral testimony. The chancellor, sitting as the trier of fact and viewing the witness, had the best opportunity to judge the credibility of and the weight to be assigned to that testimony, and her findings cannot be disturbed absent an abuse of discretion. *See, Wagner v. Wagner,* 466 Pa. 532, 353 A.2d 819 (1976). Thus, while the burden of proof issue is one of law, the reviewing court cannot reverse the chancellor's findings based merely upon its conclusion as to the weight to be given to the Branch Manager's testimony, for that is within the sole province of the trier of fact.

■ Our review of the record indicates that the conclusions reached by the chancellor based upon the evidence presented to her, and the inferences arising therefrom, supported her finding that Appellee had failed to sustain its burden of establishing its claim by clear and convincing evidence. The Superior Court therefore erred in reversing that conclusion.

The Order of the Superior Court is reversed and the Order of the Orphans' Court is reinstated.