664 A.2d 110

Theresa ALBERICI, Appellant,

v.

SAFEGUARD MUTUAL INSURANCE COMPANY, General Accident Fire and Life Assurance Corporation, Ltd., The Insurance Placement Facility of PA., Quaker State Mutual Group, Home Mutual Insurance Company of PA., Appellees.

Theresa ALBERICI

v.

SAFEGUARD MUTUAL INSURANCE COMPANY, General Accident Fire and Life Assurance Corporation, Ltd., Quaker State Mutual Group and Home Mutual Insurance Company of PA., The Insurance Placement Facility of PA.

Appeal of Safeguard Mutual Insurance Company, General Accident Fire and Life Assurance Corporation, Ltd., Quaker State Mutual Group, and Home Mutual Insurance Company of Pa.

Superior Court of Pennsylvania.

Argued Feb. 14, 1995.

Filed Aug. 8, 1995.

352

354

David Ginzberg, Philadelphia, for Theresa Alberici.

Michael O'Hayer, Wayne, for Safeguard Mut., General Accident, Quaker State & Home Mut. Ins.

Christopher Konzelmann, Philadelphia, for Insurance Placement Facility of PA.

Before WIEAND, BECK and BROSKY, JJ.

WIEAND, Judge.

On or about May 9, 1977, Joseph Alberici entered an agreement to purchase a theatre property in Aston, Delaware County, for a price of $210,000.00. The named purchaser was Joseph Alberici or his nominee. A down payment of $21,-000.00 was made by withdrawing funds from a savings account owned jointly by Joseph Alberici and Theresa Alberici, husband and wife. On August 6, 1977, prior to closing, the theatre was seriously damaged by fire. After the fire, Joseph and Theresa Alberici mortgaged other real estate which they owned, and these proceeds were used to close on the theatre property. Title was taken in the name of La Casa Mia.

After signing the agreement to purchase the theatre, Alberici had purchased fire insurance as follows:

| | Insurer | Property | Amount | Insured |
|---|---|---|---|---|
| 1. | Safeguard Mutual | building | 100,000 | Joseph Alberici |
| 2. | Safeguard Mutual | contents | 25,000 | Joseph & Theresa Alberici |
| 3. | General Accident | building | 125,000 | Joseph & Theresa Alberici |
| 4. | Insurance Placement | building | 100,000 | Joseph Alberici |
| 5. | Quaker State Mutual | building | 62,500 | Joseph & Theresa |
| | | contents | 12,500 | Alberici |
| 6. | Home Mutual Ins. | building | 62,500 | Joseph & Theresa |
| | | contents | 12,000 | Alberici |

■ Joseph Alberici subsequently came under suspicion for arson, and he was ultimately convicted of mail fraud in connection with the submission of fire loss claims to the insurers. Because of this, summary judgment was entered in favor of the insurers in an action brought against them by Joseph and Theresa Alberici. On appeal, the Superior Court affirmed the

judgment on Joseph's claim, but determined that a possibility existed that Theresa could show an insurable interest entitling her to recover under fire policies issued to her. On remand and following a trial without jury, the trial court found that Theresa Alberici did have an insurable interest in the real estate and, therefore, could recover under the terms of policies in which she was a named insured.[1] From this aspect of the case, both insurer and insured appealed.

The decision of a trial judge sitting without a jury must be accorded the same weight as a jury verdict; and a reviewing court will not disturb the trial judge's findings of fact unless they are unsupported by competent evidence. *Ecksel v. Orleans Construction Co.,* 360 Pa.Super. 119, 133, 519 A.2d 1021, 1028 (1987); *Piccinini v. Teachers Protective Mut. Life Ins. Co.,* 316 Pa.Super. 519, 524, 463 A.2d 1017, 1021 (1983). Since the trial judge is in the best position to judge the credibility of the witnesses, an appellate court may not re-examine the weight to be given to their testimony. *In re Estate of Cornell,* 511 Pa. 475, 480, 515 A.2d 555, 557 (1986); *Allegheny County v. Monzo,* 509 Pa. 26, 35, 500 A.2d 1096, 1101 (1985). Similarly, an appellate court may not substitute its judgment for that of the trial judge. *Beneshunas v. Independence Life & Accident Ins. Co.,* 354 Pa.Super. 391, 394, 512 A.2d 6, 7 (1986).

1. Pennsylvania Rule of Appellate Procedure 341, as it existed at the commencement of this litigation, allowed for an appeal as of right from any final order of the trial court. Pa.R.A.P. 341(a) (subsequently amended). An order was final if it put the litigant out of court on a cause of action against one of several defendants. *Foflygen v. Zemel,* 420 Pa.Super. 18, 28, 615 A.2d 1345, 1350 (1992). After a final order had been entered, an appeal was to be perfected by the filing of a notice of appeal within thirty days. Pa.R.A.P. 903(a).

Prior to trial, on June 17, 1993, the trial court granted summary judgment in favor of Safeguard and Insurance Placement because their policies on the building named Joseph Alberici as the only insured. A final order to that effect was entered on June 24, 1993. No appeal from that order was taken within the thirty day period allowed by the rules. We are without jurisdiction to extend the period for appeal; and, therefore we will not review that order in the present appeal. See: *Shaffer v. Pennsylvania Assigned Claims Plan,* 359 Pa.Super. 238, 518 A.2d 1213 (1986) (plaintiff could not wait until after trial to appeal from order granting summary judgment for one defendant).

■ Before Theresa could recover on the policies in which she had been named as an insured, it had to be shown that she possessed an insurable interest in the property. *Van Cure v. Hartford Fire Ins. Co.,* 435 Pa. 163, 166, 253 A.2d 663, 664 (1969); *Christ Gospel Temple v. Liberty Mutual Ins. Co.,* 273 Pa.Super. 302, 308, 417 A.2d 660, 663 (1979). To determine whether a party has an insurable interest in property, it is necessary to focus upon the facts as they existed at the time the policy was issued and at the time the loss occurred. *Iehle v. Coleman,* 401 Pa.Super. 78, 82, 584 A.2d 988, 990 (1991). Generally, whether a person has an insurable interest is an issue to be decided by the finder of fact. *Campbell v. Royal Indemnity Co. of New York,* 256 Pa.Super. 312, 315, 389 A.2d 1139, 1141 (1978). See also: *Bessemer Stores, Inc. v. Reed Shaw Stenhouse, Inc.,* 344 Pa.Super. 218, 224, 496 A.2d 762, 766 (1985).

■ A policy that insures against loss by fire is a contract for indemnity which protects the insured's interest in the property, not the property itself. *Mutual Benefit Ins. Co. v. Goschenhoppen Mutual Ins. Co.,* 392 Pa.Super. 363, 368, 572 A.2d 1275, 1277 (1990). One who "derives pecuniary benefit or advantage from the preservation or continued existence of [ ] property or who will suffer pecuniary loss from its destruction" has an insurable interest in the property. *Luchansky v. Farmers Fire Ins. Co.,* 357 Pa.Super. 136, 138, 515 A.2d 598, 599 (1986). Upon execution of an agreement of sale, a purchaser of real estate has an equitable title to property and may insure his or her interest therein. *Mutual Benefit Ins. Co. v. Goschenhoppen Mutual Ins. Co., supra* at 369, 572 A.2d at 1277. A purchaser's insurable interest is in the entire property, not merely the extent to which he or she has made payments towards the purchase price. *Iehle v. Coleman, supra* at 83, 584 A.2d at 990; *Mutual Benefit Ins. Co. v. Goschenhoppen Mutual Ins. Co., supra* at 369, 572 A.2d at 1277. Accord: *Dubin Paper Co. v. Insurance Co. of North America,* 361 Pa. 68, 86, 63 A.2d 85, 94 (1949).

■ After reviewing the testimony and evidence, the trial court concluded that appellant had an insurable interest in the theatre property at 247 Concord Avenue from the date of the agreement of sale. Although the agreement did not specifically identify appellant as a purchaser, it designated the "buyer" as "Joseph Alberici or his nominee." The trial court concluded that Joseph Alberici and Theresa Alberici, husband and wife, were intended nominees. The court observed that appellant and her husband had always purchased property together in the past, she had accompanied her husband to inspect the property prior to the purchase, and the monies to pay for the property had been taken from marital assets. Both appellant and her husband, the court concluded, had approached the purchase in a manner which indicated that they were purchasing it jointly. Because appellant was a purchaser of the property, she had an insurable interest therein. Her interest was in the value of the entire property and not merely her contribution toward the down payment. We find no basis for disturbing the trial court's findings.

■ We must next determine whether the trial court correctly apportioned liability solely among the carriers who insured the interest of Joseph and Theresa Alberici. In Pennsylvania, the Insurance Company Law of 1921, P.L. 682, as amended, 40 P.S. § 636, requires that every policy of fire insurance include a proration clause. A "pro rata clause" in an insurance policy allows the liability of one insurer to be measured by the proportion that its policy bears to the total insurance on the property. 6 Appleman, Insurance Law and Practice § 3905. Accord: *Vrabel v. Scholler*, 369 Pa. 235, 243, 85 A.2d 858, 861–862 (1952). A purpose of a proration clause is to "relieve the insurer from the burden of litigating with the insured as to the validity of other policies." 6 Appleman, Insurance Law and Practice § 3905.

In the case sub judice, each of the policies on the theatre property contained the following clause:

This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the

whole insurance covering the property against the peril involved, whether collectible or not.

In order for proration to apply, there must be two or more policies covering the same risk, the same subject matter and the same interest. *Mutual Benefit Co. v. Goschenhoppen Mutual Ins. Co., supra* at 368, 572 A.2d at 1277. Accord: *Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Ins. Co.*, 385 Pa. 394, 398, 123 A.2d 413, 415 (1956); *Vrabel v. Scholler, supra* at 243, 85 A.2d at 862. Here, it is agreed that the policies naming Joseph Alberici as the sole insured and those naming Joseph and Theresa Alberici as co-insureds covered the same risk and the same subject matter. Appellant contends, however, that the policies issued to Joseph Alberici individually did not apply to the same interest as those in which she and her husband were named jointly as co-insureds. The trial court disagreed and pro rated liability on the basis of all policies insuring either Joseph Alberici or Joseph and Theresa Alberici. Appellant contends that this was error.

Two or more policies of insurance cover the same interest where there is a potential for the insured to experience a double recovery. "Since fire insurance is only a contract of indemnity and its object is not to permit a gain by the insured but only to compensate him [or her] for a loss, it is obvious that he [or she] cannot recover insurance in an amount greater than the loss which he [or she] sustained." *Insurance Co. of No. Amer. v. Alberstadt*, 383 Pa. 556, 561, 119 A.2d 83, 86 (1956). Therefore, a judgment creditor who stands in the shoes of a debtor would be bound by a pro rata distribution from any policies held by the debtor for the same property and the same risk. *Vrabel v. Scholler, supra.* The interests are different, however, where the insureds on several policies bear the relationship of vendor and purchaser of real property, partner and partnership, and property owner and mortgage lender. In such cases, there would be no danger of double recovery. See: 19 P.L.E., Insurance § 276. See also: *Yanko v. Standard Fire Ins. Co.*, 31 Pa.Super. 1, 3 (1905).

██ In a policy for fire insurance, the right of indemnity is provided to the insured according to the terms of the policy; it is not necessarily payable to all the owners of the property. *Maravich v. Aetna Life and Casualty Co.*, 350 Pa.Super. 392, 407, 504 A.2d 896, 904 (1986). Whether a policy covers separately the interests of a husband and a wife must be determined by reference to the policy language. *Id.* Accord: *Bryant v. Girard Bank*, 358 Pa.Super. 335, 353, 517 A.2d 968, 978 (1986). See also: 46A C.J.S., Insurance § 1391.

██ In the instant case, the buyer of the theatre named in the agreement of sale was Joseph Alberici or his nominee. The evidence is clear that it was Alberici who also purchased fire insurance to protect the interest of the purchaser. In two policies, which he purchased from Safeguard Mutual and Insurance Placement, he caused himself to be named as the insured. In four other policies which he purchased from Safeguard Mutual, General Accident, Quaker State Mutual and Home Mutual, the nominee which he named in the policies was himself and his wife. The trial court found that Theresa had acquired an interest in the real estate which was insurable and which would support the issuance of a policy of insurance to protect that interest. That interest, however, was the interest of a purchaser. Joseph's interest in the real estate was also that of a purchaser. If both Joseph Alberici and his nominee were paid the full purchase price, there clearly would be a double recovery. Or to put it another way, there could be only one recovery for the fire loss by the purchaser. That purchaser was either Joseph Alberici or his nominee. There could not be a full recovery by both. Under these circumstances, it seems clear that all policies insured a single interest, i.e., the interest of the purchaser. Therefore, the trial court properly calculated the pro rata apportionment among all policies insuring the interest of the buyer or buyers under the terms of the sales agreement.

██ In an action arising under an insurance policy, a court may award to the insured punitive damages, attorneys' fees and costs if the court finds that the insurer acted in bad

faith in refusing to pay the insured's claim. 42 Pa.C.S. § 8371. Although this litigation has been protracted, it is clear that the issues were complex and that the denial of liability by the insurers was not done in bad faith. The trial court found that the actions of the insurers had not warranted an award of punitive damages, attorneys' fees or costs, and our independent review of the record compels us to agree. Because there was no evidence of bad faith to support an award of punitive damages, the trial court properly denied this part of appellant's claim.

The trial court did err, however, when it awarded interest only until the date of trial. In an action for breach of contract, the debtor is obligated to pay interest at the legal rate from the time payment has been withheld until the entry of a verdict. *Movie Distributors Liquidating Trust v. Reliance Ins. Co.*, 407 Pa.Super. 588, 599–600, 595 A.2d 1302, 1308 (1991). Interest is a legal right which arises upon breach. *Id.* It does not depend upon the discretion of the trial court. Regardless of the reason for delay, a court may not suspend the accrual of pre-judgment interest during the period between trial and the entry of its verdict. *Thomas H. Ross, Inc. v. Seigfreid,* 405 Pa.Super. 558, 570, 592 A.2d 1353, 1359 (1991). Therefore, the trial court erred in calculating the appropriate interest to which appellant was entitled. Appellant was entitled to recover interest until the date on which the trial court entered its verdict.

The order of the trial court is remanded for the recomputation of interest. In all other respects, the order is affirmed.

BECK, J., concurs in the result.