552 A.2d 708

**Joel E. PUGH**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 17, 1988.

Filed Jan. 9, 1989.

Patricia A. Butler, York, for appellant.

Dale E. Anstine, York, for appellee.

Before TAMILIA, WATKINS and CERCONE, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of York County and involves an interlocutory order by which the trial court denied defendant's motion for judgment on the pleadings. Because the issue involved in this matter constitutes a case of first impression, appellant-defendant was granted permission to appeal the interlocutory order.

The plaintiff, Joel E. Pugh, was involved in a motor vehicle accident in Pennsylvania on April 5, 1985. At the time of the accident, the plaintiff was a resident of Maryland and his motor vehicle was registered in Maryland. The vehicle was covered by a policy issued by the defendant, Government Employees Insurance Company. In accordance with the Maryland No Fault Act, and the terms and conditions of his policy's personal injury protection, the defendant paid his policy limit of $2500 and medical bills and work loss resulting from his injuries. Plaintiff then initiated the instant action to recover medical and income loss benefits under the "Pennsylvania Motor Vehicle Financial Responsibility Law", 75 Pa.C.S.A. § 1701 *et seq.*, because medical benefits under that act provide for a minimum medical benefit of $10,000 and that income loss benefit of up to $1000 per month to a maximum benefit of $5000.

The facts of this case are not in dispute. The issue involved in this case concerns the interpretation and meaning of a provision of the Pennsylvania Motor Vehicle Financial Responsibility Law. (75 Pa.C.S.A. § 1701). The pertinent section of said Act is Section 1711 which provides as follows:

An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be

registered under this title, except recreational vehicles not intended for highway use, motorcycles, motor driven cycles or motorized pedalcycles or like type vehicles, *registered and operated in this Commonwealth,* shall include coverage providing a medical benefit in the amount of $10,000.00, in income loss benefit up to a monthly maximum of $1,000.00 up to a maximum benefit of $5,000.00 and a funeral benefit in the amount of $1,500.00 ... (Emphasis ours).

The issue at hand involves the question of whether a motor vehicle must be both registered *and* operated in Pennsylvania in order for the provision of the Pennsylvania Motor Vehicle Financial Responsibility Law to apply.

The trial court held that the intent of the Legislature in employing the above stated language was to extend coverage by referring specifically to those parties operating vehicles registered in Pennsylvania, as well as persons operating the vehicles within the Commonwealth of Pennsylvania. The trial court found that the phrase "required to be registered under this title" refers to a "Motor vehicle, motor driven vehicle, motorized pedalcycle or like type vehicle." Thus, the trial court reasoned that it could not accept defendant's contention that a motor vehicle must be both registered and operated in the Commonwealth of Pennsylvania for the provisions of the Act to apply.

In *Kellie L. Curtis, et al v. Peerless Insurance Co.,* No. 3235 S. 1987 (Daupin County) the Dauphin County Court of Common Pleas came to the opposite conclusion in its decision filed August 17, 1988. In that case, the trial court held that the plain language of Section 1711 makes its application pertinent only to motor vehicles that are both registered and operated in the Commonwealth. The court then sustained the defendant's demurrer to an Ohio operator's suit brought pursuant to Section 1711.

We agree with the reasoning set forth in the Dauphin County Court of Common Pleas' decision. We have held that an insured's entitlement to first party benefits is

dependent upon whether the vehicle is registered in Pennsylvania. In *Allen v. Erie Insurance Co.*, 369 Pa.Superior Ct. 6, 534 A.2d 839 (1987), we decided that the guideline for determining whether an insured is entitled to first party benefits under the Financial Responsibility Law "is simply whether the vehicle has been registered with the Commonwealth."

The trial court's interpretation of Section 1711 in the instant renders the phrase "registered and operated in this Commonwealth" meaningless. The trial court narrowly interpreted this language as qualifying or modifying the preceeding phrase, "recreational vehicles not intended for highway use, motorcycles, motor driven cycles or motorized pedalcycles or like type vehicles." Section 1711 provides that operators or occupants of these vehicles are ineligible to recover first party benefits. These classes are ineligible whether or not they are operated or registered in Pennsylvania. The phrase "registered and operated in this Commonwealth" was therefore not intended to modify the phrase immediately proceeding it because the phrase does not further qualify the excluded vehicles. The only reasonable interpretation of this language is that it modifies and qualifies "any motor vehicle of the type required to be registered under this title," such as automobiles.

Thus, there are two requirements for determining an insured's entitlement to recover first party benefits: (1) the insured vehicle must be a vehicle of the type required to be registered, such as an automobile, and (2) the insured vehicle must actually be registered in the Commonwealth. Since the insured vehicle in the instant case was not registered in Pennsylvania, the appellant is not obligated to pay first party benefits to appellee under the Pennsylvania Motor Vehicle Financial Responsibility Law.

We reverse the order of the trial court and grant the appellant's judgment on the pleadings. Jurisdiction is relinquished.