625 A.2d 1239

**Aracelis ROSADO, Appellant,**

v.

**CONSTITUTION STATE SERVICE COMPANY.**

Superior Court of Pennsylvania.

Argued Feb. 19, 1993.

Filed June 1, 1993.

562

Claire Newman, Philadelphia, for appellant.

Mark T. Richter, Philadelphia, for appellee.

Before BECK, POPOVICH and BROSKY, JJ.

BECK, Judge:

In this appeal we decide that a Pennsylvania resident may not recover medical and uninsured motorist benefits from the Motor Vehicle Financial Responsibility Law Assigned Claims Plan for injuries that were sustained in an accident while she was an occupant in an automobile which was registered in New Jersey.

Appellant Aracelis Rosado was a passenger in a motor vehicle owned and operated by Aida Rivera, when it collided with an uninsured vehicle in Philadelphia. Both Rivera and appellant were Pennsylvania residents. However, Rivera's vehicle was registered and insured in New Jersey.

Appellant applied for medical benefits and uninsured motorist benefits from the Assigned Claims Plan ("the Plan"). The Plan is an organization that administers statutory insurance benefits to eligible claimants pursuant to Subchapter E of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") (75 Pa.C.S.A. §§ 1701 *et seq.*). The Plan assigned appellant's application for benefits to appellee Constitution State Service Company ("CSSC"). CSSC denied appellant's request, because the Rivera vehicle was not registered in Pennsylvania. Appellant then commenced this action for benefits.

Upon appellee's motion, the trial court entered summary judgment in its favor. Appellant Rosado then instituted this appeal, and the trial judge was required to issue an opinion pursuant to Pa.R.App.P. 1925. In his opinion, the Honorable Albert W. Sheppard stated that his initial decision was "erroneously entered," and that this court should reverse the entry of summary judgment in favor of appellee CSSC. *Trial Ct. Opinion* at 4. We hold that the trial court's initial decision was correct, and we therefore affirm.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Pa.R.Civ.P. 1035(b). When ruling on a motion for summary judgment, the trial court must examine the record in the light most favorable to the non-moving party, resolving all doubts against the movant. *Carns v. Yingling*, 406 Pa.Super. 279, 594 A.2d 337 (1991).

Appellant, who did not own a motor vehicle and therefore did not have her own insurance coverage, sought to recover medical benefits and uninsured motorist benefits under the Plan. A person is eligible to recover benefits from the Assigned Claims Plan if the person:

(1) Is a resident of this Commonwealth.

(2) Is injured as the result of a motor vehicle accident occurring in this Commonwealth.

(3) Is not the owner of a motor vehicle required to be registered under Chapter 13 (relating to registration of vehicles).

(4) Is not the operator or occupant of a motor vehicle owned by the Federal Government or any of its agencies, departments or authorities.

(5) Is not the operator or occupant of a motor vehicle owned by a self-insurer or by an individual or entity who or which is immune from liability for, or is not required to provide, benefits or uninsured and underinsured motorist coverage.

(6) Is otherwise not entitled to receive any first party benefits under section 1711 (relating to required benefits) or 1712 (relating to availability of benefits) applicable to the injury arising from the accident.

(7) Is not the operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle or motorized pedalcycle or other like type vehicle required to be registered under this title and involved in the accident.

75 P.C.S.A. § 1752.

█ In its motion for summary judgment, appellee argued that appellant was indeed an "occupant of a motor vehicle owned by ... an individual ... who ... is not required to provide benefits or uninsured and underinsured motorist coverage," and was therefore not entitled to benefits under the Plan. 75 Pa.C.S.A. § 1752(a)(5). Appellee based its contention on the fact that Rivera's vehicle was registered in New Jersey, not in Pennsylvania, and therefore was not required to be insured under Pennsylvania's MVFRL. *See* 75 Pa.C.S.A. §§ 1305(d), 1786(a) (all vehicles registered in Pennsylvania must provide financial responsibility in accordance with the MVFRL).

Appellant does not dispute that the host vehicle was registered in New Jersey.[1] Instead, she argues that she is entitled

---

1. In its Answer and New Matter to the Complaint, appellee CSSC alleged that "[a]t the time of the accident ... plaintiff occupied a motor vehicle which was registered in the State of New Jersey." This factual averment was not challenged by Rosado, who never filed a Reply to

to benefits under the Plan because the host vehicle was uninsured, and she has no other source of benefits available to her. Appellant's contention is based on the allegation, made for the first time in her Memorandum in support of Response to Motion for Summary Judgment, that Rivera's New Jersey insurer denied coverage of the host vehicle, as it was improperly registered and insured in New Jersey while Rivera herself was a Pennsylvania resident.[2]

We hold that appellant is not entitled to recover benefits from the Plan. Section 1752(a)(5) of the MVFRL mandates that a person is not eligible for Plan benefits if she was the occupant of a motor vehicle that is not required to provide coverage under the MVFRL. Section 1711 of the MVFRL limits the requirement to provide first party benefits coverage to vehicles that are "registered and operated in this Commonwealth [of Pennsylvania]." 75 Pa.C.S.A. § 1711. Likewise, no motor vehicle liability insurance policy may be issued in Pennsylvania for a "motor vehicle registered or principally garaged in" Pennsylvania unless uninsured and underinsured motorist coverages are offered. 75 Pa.C.S.A. § 1731.

Applying § 1711, this court has held that the MVFRL does not require the insurers of motor vehicles that are registered outside Pennsylvania to provide MVFRL first party benefits in Pennsylvania accidents. *Boone v. Stonewall Ins. Co.*, 382 Pa.Super. 104, 554 A.2d 968 (1989) (insurer of vehicle registered in Virginia need not provide medical benefits under Pennsylvania's MVFRL). *See also Jarrett v. Pennsylvania*

New Matter, and it is therefore deemed admitted. Pa.R.Civ.P. 1029. *See Fox v. Byrne*, 363 Pa.Super. 70, 525 A.2d 428 (1987); *Enoch v. Food Fair Stores, Inc.*, 232 Pa.Super. 1, 331 A.2d 912 (1974). Moreover, appellant Rosado admitted in her Response to Motion for Summary Judgment that the host vehicle was registered in New Jersey. The fact that Rivera's vehicle was registered in New Jersey also was confirmed in appellant's Application for Benefits, which was attached as an exhibit to CSSC's Motion for Summary Judgment.

2. Appellant provided no affidavits or other documents to support this assertion, nor does the allegation appear in her complaint. The bald factual allegation, made by appellant's attorney in a memorandum of law, never was properly pleaded, and therefore should not have been considered by the trial court in rendering its decision. *See* Pa.R.Civ.P. 1035(b).

*Nat. Mut. Cas. Ins. Co.,* 400 Pa.Super. 565, 584 A.2d 327 (1990) (insurer of North Carolina vehicle not required to provide MVFRL coverage); *Pugh v. Government Employees Ins. Co.,* 380 Pa.Super. 606, 552 A.2d 708 (1989) (operation of Maryland vehicle in Pennsylvania insufficient to impose requirements of MVFRL on its insurer). Therefore, appellant does not meet prong (5) of the Plan's eligibility requirements codified in § 1752(a). *See also Johnson v. Pennsylvania Financial Responsibility Assigned Claims Plan,* 12 Pa.D. & C. 4th 471 (1991).

■ Nor does appellant meet the eligibility requirement of § 1752(a)(6) (in order to be eligible for Plan benefits a claimant must not otherwise be entitled to receive any first party benefits applicable to the injury arising from the accident).[3] Assuming *arguendo* that we could consider the unsubstantiated allegation that the host vehicle is "uninsured" due to Rivera's misrepresentations about her place of residence, appellant Rosado still is entitled to recover benefits under the policy that allegedly secured the host vehicle.

The interpretation of Rivera's insurance contract, issued in New Jersey by a New Jersey insurer to cover a New Jersey vehicle, would be governed by New Jersey law. *See, e.g., McCabe v. Prudential Prop. & Cas. Ins. Co.,* 356 Pa.Super. 223, 514 A.2d 582 (1986); *Caputo v. Allstate Ins. Co.,* 344 Pa.Super. 1, 495 A.2d 959 (1985); *Nationwide Mut. Ins. Co. v. Walter,* 290 Pa.Super. 129, 434 A.2d 164 (1981). Applicable New Jersey case law specifically allows recovery under a motor vehicle policy by an "innocent" passenger such as appellant. *Fisher v. New Jersey Auto. Underwriting Ass.,* 224 N.J.Super. 552, 540 A.2d 1344 (1988) (plaintiff, a passenger, still could recover benefits under an insurance policy that was declared void *ab initio* as against the insureds due to the insureds' misrepresentations about residence). Therefore, we reject appellant's contention that she "has no other source

3. We note that if a claimant fails to meet even one of the eligibility requirements set forth in § 1752(a), her claim must fail. We consider this additional basis for denial of benefits in response to appellant's argument that she has no other source of recovery available to her.

available from which benefits would be payable." *Appellant's Brief* at 1.

Appellant should have looked to the insurer of the host vehicle for insurance coverage under the circumstances of this case. She is not entitled to recover benefits from Pennsylvania's Assigned Claims Plan.

Order of summary judgment affirmed.