633 A.2d 170

Gerald BRIDGES, Appellant,

v.

Michael D. GARY and Leonard M. Jones, Jr. and Constitution State Service Company (as the designated servicing Insurance Carrier for the Pennsylvania Financial Responsibility Assigned Claims Plan).

Superior Court of Pennsylvania.

Argued April 27, 1993.

Filed Nov. 5, 1993.

Jerry A. Lindheim, Philadelphia, for appellant.

Mark T. Richter, Philadelphia, for Constitution State Service, appellee. (Submitted)

Before CAVANAUGH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge.

On November 7, 1988, Gerald Bridges, a resident of Pennsylvania, was injured when the automobile in which he was riding as a passenger struck a parked vehicle in Philadelphia. The vehicle, which was being operated by Michael Gary, was owned by Leonard Jones, Jr., and registered in the State of Florida. Allegedly, the vehicle was uninsured at the time of the accident, and Gary, the driver, had no other coverage. Moreover, Bridges did not own a vehicle and did not reside with a person who owned a vehicle. Therefore, he made a claim against the Assigned Claims Plan for first party benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL).[1] The claim was assigned to Constitution State Service Company which, after review, denied liability. Bridges sued. The trial court entered summary judgment in favor of Constitution State Service Company and the Assigned Claims Plan on grounds that Bridges, being an occupant of a vehicle registered in a state other than Pennsylvania, was not eligible for benefits under the Pennsylvania statute. Bridges appealed.[2]

MVFRL, by its provisions, allows "eligible claimants," who are otherwise unable to recover insurance benefits, to recover statutory benefits from or through the Assigned Claims Plan. See generally: *Pennsylvania Financial Responsibility Assigned Claims Plan v. English*, 427 Pa.Super. 105, 107 n. 1, 628 A.2d 847, 847 n. 1 (1993). An eligible claimant is defined at 75 Pa.C.S. § 1752 as follows:

1. 75 Pa.C.S. §§ 1701, et seq.

2. In separate counts of the same complaint, Bridges made claims for tort damages against Gary and Jones, the driver and owner of the vehicle in which he had been riding. These claims are not involved in the present appeal.

**(a) General rule.**—A person is eligible to recover benefits from the Assigned Claims Plan if the person meets the following requirements:

(1) Is a resident of this Commonwealth.

(2) Is injured as the result of a motor vehicle accident occurring in this Commonwealth.

(3) Is not an owner of a motor vehicle required to be registered under Chapter 13 (relating to registration of vehicles).

(4) Is not the operator or occupant of a motor vehicle owned by the Federal Government or any of its agencies, departments or authorities.

(5) Is not the operator or occupant of a motor vehicle owned by a self-insurer or by an individual or entity who or which is immune from liability for, or is not required to provide, benefits or uninsured and underinsured motorist coverage.

(6) Is otherwise not entitled to receive any first party benefits under section 1711 (relating to required benefits) or 1712 (relating to availability of benefits) applicable to the injury arising from the accident.

(7) Is not the operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle or motorized pedalcycle or other like type vehicle required to be registered under this title and involved in the accident.

At issue in this appeal is the language of subsection (a)(5). Although appellant can meet all other requirements for eligibility, the trial court determined that he was an occupant of a motor vehicle owned by an individual who was not required to provide benefits under the MVFRL. Therefore, the court concluded, appellant was not eligible to make a claim against the Assigned Claims Plan. After review, we agree.

At 75 Pa.C.S. § 1711, the legislature required coverage for first party benefits only on vehicles which are "registered and operated in this Commonwealth." The language of 75 Pa.C.S. § 1752(a)(5) refers directly to persons who occupy a vehicle

which is not required to provide first party benefits and renders such persons ineligible to recover benefits from the Assigned Claims Plan. A vehicle registered in Florida is not required to provide first party benefits under the Pennsylvania MVFRL, and an occupant of such a vehicle is not entitled to recover benefits from the Assigned Claims Plan.

In *Rosado v. Constitution State Service Co.*, 425 Pa.Super. 561, 625 A.2d 1239 (1993), the Superior Court held that an occupant of a vehicle registered in New Jersey was not entitled to recover benefits from the Pennsylvania Assigned Claims Plan. There, Rosado, a resident of Pennsylvania, was an occupant of a vehicle which collided with an uninsured vehicle in Philadelphia. At the time of the accident, the vehicle in which Rosado had been riding was registered and insured in New Jersey, although the owner/operator was then a resident of Pennsylvania. In holding that Rosado was not an eligible claimant, the Court said:

> We hold that appellant is not entitled to recover benefits from the Plan. *Section 1752(a)(5) of the MVFRL mandates that a person is not eligible for Plan benefits if she was the occupant of a motor vehicle that is not required to provide coverage under the MVFRL.* Section 1711 of the MVFRL limits the requirement to provide first party benefits coverage to vehicles that are "registered and operated in this Commonwealth [of Pennsylvania]." 75 Pa.C.S.A. § 1711. Likewise, no motor vehicle liability insurance policy may be issued in Pennsylvania for a "motor vehicle registered or principally garaged in" Pennsylvania unless uninsured and underinsured motorist coverages are offered. 75 Pa.C.S.A. § 1731.

> Applying § 1711, this court has held that the MVFRL does not require the insurers of motor vehicles that are registered outside Pennsylvania to provide MVFRL first party benefits in Pennsylvania accidents. *Boone v. Stonewall Ins. Co.*, 382 Pa.Super. 104, 554 A.2d 968 (1989) (insurer of vehicle registered in Virginia need not provide medical benefits under Pennsylvania's MVFRL). *See also Jarrett v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 400 Pa.Super. 565,

584 A.2d 327 (1990) (insurer of North Carolina vehicle not required to provide MVFRL coverage); *Pugh v. Government Employees Ins. Co.,* 380 Pa.Super. 606, 552 A.2d 708 (1989) (operation of Maryland vehicle in Pennsylvania insufficient to impose requirements of MVFRL on its insurer). Therefore, appellant does not meet prong (5) of the Plan's eligibility requirements codified in § 1752(a). *See also Johnson v. Pennsylvania Financial Responsibility Assigned Claims Plan,* 12 Pa.D. & C. 4th 471 (1991).

*Id.* at 565–66, 625 A.2d at 1241 (emphasis added). We agree. Because the language of 75 Pa.C.S. § 1752(a)(5) clearly provides ineligibility for owners and occupants of motor vehicles which are not required to provide benefits under the MVFRL, appellant is not eligible in this case to receive benefits under the Assigned Claims Plan.

The order entering summary judgment is affirmed.