634 A.2d 261

**Clinton ZEIGLER and Craig Butler, Appellees,**

v.

**CONSTITUTION STATE SERVICE COMPANY and Pennsylvania Financial Responsibility Assigned Claims Plan, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1993.

Filed Dec. 1, 1993.

Mark T. Ritcher, Philadelphia, for appellants.

Milton J. Frank, Philadelphia, for appellees.

Before WIEAND, TAMILIA and HESTER, JJ.

WIEAND, Judge:

The issue in this appeal is whether occupants of a vehicle which is neither insured nor registered in Pennsylvania are entitled to recover benefits under the Pennsylvania Assigned Claims Plan for injuries received when the vehicle collided with another uninsured vehicle in Philadelphia. The trial court held that the occupants were eligible for such benefits. After careful review, we reverse.

On August 7, 1988, an uninsured and unregistered motor vehicle operated by Anthony Edwards collided with an uninsured vehicle owned by Carol Porter and operated by Creston Gregory. Clinton Zeigler and Craig Butler, both residents of Pennsylvania, were occupants of the unregistered vehicle and sustained injuries as a result of the accident. Because neither Zeigler nor Butler owned an automobile or resided with an automobile owner and did not otherwise have insurance coverage available to them, they made claims against the Assigned Claims Plan for first party and uninsured motorist benefits.[1] Their claims were assigned to Constitution State Service Company which, after investigation, denied the claims.

Zeigler and Butler then filed a civil action against the Assigned Claims Plan and Constitution State Service Company to recover such benefits.[2] The action was tried non-jury on an agreed statement of facts and resulted in a verdict in favor of the claimants. Post-trial motions were denied, and judgment was entered on the verdict. Both the Plan and the assigned insurance carrier appealed.

According to the agreed statement of facts, the vehicle in which Zeigler and Butler had been riding was not and never has been registered in Pennsylvania. As far as the parties were able to ascertain, the vehicle was last registered in Alabama in the name of Jammy Brown, an Alabama resident. Brown's registration expired in January, 1988. Prior to expiration of the registration, however, the vehicle had been repossessed by the Mercury Finance Company of Columbus, Georgia, on November 9, 1987. On November 13, 1987, Mercury Finance sold the vehicle to Sunbelt Motor Company, a Georgia corporation which is now defunct. Neither Brown, nor Mercury Finance, nor Sunbelt Motor Company resides in Pennsylvania or has a place of business in Pennsylvania.

1. The Plan administers limited statutory insurance benefits to eligible claimants pursuant to Sub-chapter E of the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §§ 1701, et seq.

2. The complaint erroneously named Travelers Insurance Company as the assigned carrier, and this error has been perpetuated throughout subsequent proceedings. We have substituted Constitution State Service Company in the caption of the present appeal.

Anthony Edwards, the driver of the vehicle at the time of the accident, was a Pennsylvania resident who had a Pennsylvania driver's license.

The Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL) allows certain "eligible claimants" who are injured in an automobile-related accident and who are otherwise unable to recover insurance benefits, to recover limited statutory benefits from or through the Assigned Claims Plan (the Plan). See generally: *Pennsylvania Financial Responsibility Assigned Claims Plan v. English*, 427 Pa.Super. 105, 628 A.2d 847 (1993). In order to recover any benefits through the Plan, a claimant must satisfy the eligibility requirements set forth at 75 Pa.C.S. § 1752. Section 1752 provides as follows:

(a) **General rule.**—A person is eligible to recover benefits from the Assigned Claims Plan if the person meets the following requirements:

(1) Is a resident of this Commonwealth.

(2) Is injured as the result of a motor vehicle accident occurring in this Commonwealth.

(3) Is not an owner of a motor vehicle required to be registered under Chapter 13 (relating to registration of vehicles).

(4) Is not the operator or occupant of a motor vehicle owned by the Federal Government or any of its agencies, departments or authorities.

(5) Is not the operator or occupant of a motor vehicle owned by a self-insurer or by an individual or entity who or which is immune from liability for, or is not required to provide, benefits or uninsured and underinsured motorist coverage.

(6) Is otherwise not entitled to receive any first party benefits under section 1711 (relating to required benefits) or 1712 (relating to availability of benefits) applicable to the injury arising from the accident.

(7) Is not the operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-

driven cycle or motorized pedalcycle or other like type vehicle required to be registered under this title and involved in the accident.

The trial court interpreted the language of subsection (a)(5) as speaking only to ownership of a motor vehicle which is either known or determinable. The exclusionary language, the trial court concluded, had no application to those cases in which the ownership of an uninsured vehicle could not be ascertained. Considering the intent of the legislature in promulgating the statute and construing the statute liberally to afford the greatest possible coverage to injured claimants, the trial court determined that the appellees were eligible to receive benefits from the Plan. Our own review causes us to disagree.

Section 1752(a)(5) of the MVFRL clearly provides that a person is not eligible to receive benefits from the Plan if he or she has been an operator or occupant of a motor vehicle which was not required to provide benefits. At 75 Pa.C.S. § 1711, the legislature has mandated that vehicles which are *registered and operated* in the Commonwealth of Pennsylvania provide coverage for benefits under the MVFRL. Therefore, a vehicle which is not registered in Pennsylvania is not required to provide coverage for the benefits provided by the MVFRL. The vehicle in which Zeigler and Butler were riding as passengers was not registered in Pennsylvania; and, therefore, they are not eligible claimants under the Assigned Claims Plan. This is not altered merely because the ownership of the vehicle is unknown or because the vehicle is not registered anywhere. Such a vehicle does not come within the express mandate of the MVFRL; and, therefore, occupants of such vehicles are not entitled to recover benefits under the Assigned Claims Plan. The language of the statute is clear; if it is to be changed, that change must be made by the legislature and not by the courts.

Recently, in *Bridges v. Gary*, 429 Pa.Super. 572, 633 A.2d 170 (1993), this court determined that a passenger of a vehicle registered in a state other than Pennsylvania was ineligible to receive benefits through the Assigned Claims Plan. There, Gerald Bridges had been injured when the automobile in

which he was riding as a passenger struck a parked car. At the time of the accident, the host vehicle had been registered in the State of Florida. Bridges did not own a motor vehicle and therefore did not have his own insurance coverage. He sought to recover benefits from the Plan. Affirming the trial court's entry of summary judgment in favor of the Plan and the assigned insurance carrier, the Superior Court applied 75 Pa.C.S. §§ 1711 and 1752(a)(5) and concluded:

> A vehicle registered in Florida is not required to provide first party benefits under the Pennsylvania MVFRL, and an occupant of such a vehicle is not entitled to recover benefits from the Assigned Claims Plan.

*Id.,* 430 Pa.Super. at 129, 633 A.2d at 171–172. See also: *Rosado v. Constitution State Service Co.,* 425 Pa.Super. 561, 625 A.2d 1239 (1993). These decisions are controlling.

Also similar to the instant case is *Johnson v. Pennsylvania Financial Responsibility Assigned Claims Plan,* 12 D. & C.4th 471 (Phila.1991). There, neither the operator nor the passenger owned the vehicle in which they were riding at the time of the accident. The vehicle was uninsured and was not registered in Pennsylvania. At the time of the accident, the vehicle was owned by a person having a New York address, and its expired registration had been issued under the name of a New Jersey resident. The trial court held that under sections 1711 and 1752(a)(5) of the MVFRL, the vehicle was not a vehicle required to provide coverage for benefits under the MVFRL and occupants thereof were not entitled to recover benefits under the Assigned Claims Plan. The court said:

> This court finds that plaintiffs must be denied the benefits coverage they are seeking under subchapter "E" of MVFRL, 75 Pa.C.S. § 1751 et seq. In section 1711 of the MVFRL the Pennsylvania Legislature set out the requirement that first-party benefits would only be available to vehicles which are both "registered and operated in this Commonwealth of Pennsylvania." 75 Pa.C.S. section 1711. Also, pursuant to section 1752(a)(5) of the MVFRL, operators or occupants of those vehicles are also ineligible for any benefits under the plan. Therefore, plaintiffs are expressly

excluded from eligibility under the plan because the vehicle they were driving was not registered in Pennsylvania and as an operator/occupant of such a vehicle this exclusion is thereby extended to them.

*Id.* at 473.

Because the express language of the MVFRL clearly provides that only motor vehicles which are registered and operated in the Commonwealth of Pennsylvania are required to provide benefits, it is clear that Zeigler and Butler, as occupants of an unregistered vehicle, were occupants of a vehicle which was not required to provide benefits under the MVFRL. Thus, they fail to satisfy the eligibility requirement set forth at 75 Pa.C.S. § 1752(a)(5) and are not eligible to receive benefits under the Assigned Claims Plan.

For these reasons, we conclude that the trial court erred when it awarded benefits to the occupants of an uninsured vehicle not registered in Pennsylvania. The occupants were not eligible claimants under MVRFL.

Judgment reversed.