**Santos ORTIZ Appellant,**

v.

**Martin GAMBLE and Pa. Financial Responsibility Assigned Claims Plan Appellee.**

Superior Court of Pennsylvania.

Submitted June 12, 2000.
Filed Aug. 30, 2000.

David J. Alexander, Philadelphia, for appellant.

Anthony L. Miscioscia, Philadelphia, for Gamble, appellee.

Thomas P. Kelly, Philadelphia, for PA Financial Responsibility, appellee.

BEFORE: KELLY, HESTER AND MONTEMURO*, JJ.

MONTEMURO, J.:

¶ 1 Appellant appeals from the entry of summary judgment in favor of the Pennsylvania Financial Responsibility Assigned Claims Plan ("the Plan"). We vacate and remand.

> A motion for summary judgment may properly be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.

*Hopewell Estates, Inc. v. Kent*, 435 Pa.Super. 471, 646 A.2d 1192, 1194 (1994).

> When determining if a trial court properly entered summary judgment, this Court's scope of review is plenary. We must examine the entire record in the light most favorable to the non-moving party and resolve all doubts against the moving party when determining if there is a genuine issue of material fact. We will only reverse the trial court's decision if there was an abuse of discretion or error of law. An abuse of discretion occurs "when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will."

*Merriweather v. Philadelphia Newspapers*, 453 Pa.Super. 464, 684 A.2d 137, 140 (1996) (citations and quotations omitted).

---

* Retired Justice assigned to Superior Court.

1. In his deposition, Gamble stated that he purchased the car from a Pennsylvania dealership, but was unclear on whether he actually took title. *See* Oral Deposition of Martin Gamble, 5/19/98, at 13 (where Gamble states

¶ 2 Viewing the record in the light most favorable to Appellant, the facts may be summarized as follows. On June 6, 1996, Appellant was a passenger in an unregistered and uninsured automobile owned[1] and driven by Martin Gamble, a resident of Pennsylvania, and was injured when the car crashed into a tree. As Gamble did not have insurance, no other car was involved in the accident, and Appellant himself was not required to carry insurance, Appellant's only recourse was to seek payment from the Plan.

¶ 3 The Plan,

> as set forth in 75 Pa.C.S.A. § 1751 *et seq.*, was enacted by the legislature to provide limited statutory benefits to certain "eligible claimants" injured in an automobile-related accident who are not otherwise entitled to recover insurance benefits. [The plan] is not an insurance company but an administrative organization that distributes the financial responsibility for certain limited statutory benefits among Pennsylvania's automobile insurers, as a cost of doing business in Pennsylvania, and through the insurers' policy holders. The plan basically provides eligible claimants the minimum uninsured coverage that should have been carried on any vehicle involved in the accident. In order to recover any benefits from [the plan], a claimant must first satisfy the seven (7) eligibility requirements as set forth in 75 Pa.C.S.A. § 1752.

*Hodges v. Rodriguez*, 435 Pa.Super. 360, 645 A.2d 1340, 1347 (1994).

¶ 4 Appellant filed suit against Gamble and the Plan. The Plan moved for summary judgment, claiming that Appellant failed to meet the eligibility requirement of § 1752(a)(5). The motion was granted and

---

first that the car was not titled in his name, but goes on to state that he was given title). As will be discussed *infra*, Appellant is favored by the assumption that the car was properly titled to Gamble; we will therefore assume, for purposes of this appeal, that it was.

Appellant received permission from the trial court to file an interlocutory appeal pursuant to Pa.R.A.P. 312. However, we denied permission to appeal, forcing Appellant to wait until the final disposition of the entire matter to appeal the summary judgment.

¶ 5 75 Pa.C.S.A. § 1752(a)(5) provides that in order to recover benefits from the Plan, the claimant must not be "the operator or occupant of a motor vehicle owned by ... an individual or entity who or which is immune from liability for, or is not required to provide, benefits or uninsured and underinsured motorist coverage." "Every motor vehicle of the type required to be registered ... which is operated or currently registered shall be covered by financial responsibility." *Id.* at § 1786(a). "No person shall drive or move and no owner or motor carrier shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration." *Id.* at § 1301(a). The three rules of law quoted above, read in *pari materia*, lead to a rule that a claimant is not excluded from recovering from the Plan by § 1752(a)(5) so long as he was riding in a vehicle which was not exempt from the registration requirement of § 1301(a). Stated another way, if a vehicle must be registered, a claimant injured in such vehicle meets the condition for recovery set by § 1752(a)(5). Indeed, we recently reached this same result in *Hester v. Pennsylvania Financial Responsibility Assigned Claims ACP*, 743 A.2d 926 (Pa.Super.1999).

¶ 6 Appellee argues that *Hester*, a recent panel decision of this Court filed subsequent to the trial court's decision, improperly overruled our decision in *Zeigler v. Constitution State Service Co.*, 430 Pa.Super. 284, 634 A.2d 261 (1993), which should control the outcome in favor of Appellee. On the contrary, the two cases are distinguishable and it is *Hester* not *Zeigler* that controls. In *Zeigler*, fund claimants failed to prove that an uninsured

and unregistered car in which they were injured was owned by a Pennsylvania resident, a fact which invokes the 75 Pa.C.S.A. § 1303(a) exception to the registration requirement, whereby "nonresident owner[s] of ... foreign vehicles may operate or permit the operation of th[ose] vehicle[s] in this Commonwealth...." As stated above, it is only so long as the unregistered vehicle in question is *required to be registered* in Pennsylvania that a claimant overcomes the hurdle of § 1752(a)(5). *Zeigler* is applicable only to cases where it appears that the car in question is exempt under § 1303 from the registration requirement. *Hester*, on the other hand, governs cases where the vehicle in question is required to be registered in Pennsylvania.

¶ 7 Moreover, the Plan's contention that *Zeigler* enunciates a blanket rule preventing legitimately uninsured passengers in uninsured and unregistered vehicles from recovering runs counter to the Legislature's purpose in creating the Plan, which was simply "to provide benefits to injured persons who, through no fault of their own, have no insurance to protect themselves." *Pennsylvania Financial Responsibility Assigned Claims Plan v. English*, 541 Pa. 424, 431, 664 A.2d 84, 88 (1995). "[I]n interpreting statutes we must at all times seek to ascertain and effectuate the legislative intent underlying the enactment of the particular statute(s).... In ascertaining the legislative intent of a particular statute it is presumed, *inter alia,* that the legislature did not intend a result that is absurd or unreasonable...." *Id.* at 430–31, 664 A.2d at 87. If the Legislature's purpose was simply to compensate innocent victims, we may not interpret *Zeigler* in such a way as to arbitrarily and nonsensically allow benefits to those legitimately uninsured victims injured in an uninsured and properly registered vehicle, but to disallow benefits to those same victims unfortunate enough to be injured in a vehicle that was both uninsured and illegally unregistered.

¶ 8 Because no facts appear in the record to indicate conclusively that any of the exceptions to the registration requirements apply, we remand for the trial court to determine whether Gamble's car should have been registered in Pennsylvania.

¶ 9 Next, Appellee argues that Appellant waived his right to appeal the summary judgment by waiting until the resolution of the entire underlying matter to appeal, despite having previously received certification under Pa.R.A.P. 312 for an interlocutory appeal of the summary judgment order. What Appellee fails to mention, however, is that we denied permission to appeal the summary judgment despite the trial court's certification. *See* Order of Superior Court, dated 11/19/98; 42 Pa. C.S.A. § 702(b) (stating that when trial court has certified interlocutory order for appellate review, it is within discretion of appellate court whether to permit appeal to be taken); *Borough of Mifflinburg v. Heim*, 705 A.2d 456, 463 (Pa.Super.1997) (same). We can hardly find that Appellant waived the right to appeal the summary judgment order if he never had either the right or permission to appeal in the first place.

¶ 10 Judgment vacated and case remanded for proceedings consistent with this Opinion. Jurisdiction is relinquished.